IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOSH COVERDALE, | ) |
|       Petitioner, | ) ) ) |
|    v. | ) ) Civ. A. No. 06-317-SLR |
| RAPHAEL WILLIAMS, Warden, and CARL C. DANBERG, Attorney General of the State of Delaware, | ) ) ) ) ) |
|       Respondents. | ) ) |

**O R D E R**

At Wilmington this *19th* day of June, 2006;

IT IS ORDERED that:

1. Petitioner Dosh Coverdale's motion to proceed in forma pauperis is GRANTED. (D.I. 1)

2. Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. (D.I. 2) A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A).

In his habeas application, petitioner alleges that he is being unlawfully detained despite posting bail, and also that his

detention is in violation of the Uniform Criminal Extradition Act because the authorities did not prepare his waiver of extradition within 72 hours (Del. Code Ann. tit. 11, §§ 2501-2550). However, petitioner admits that his case is pending in the Superior Court, and that he has only sent a written request to records requesting all signed forms to "go back to Pennsylvania." Accordingly, it plainly appears that petitioner is not entitled to federal habeas relief because he has not yet exhausted state remedies.

3. The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

4. The clerk of the court is directed to mail a copy of this order to petitioner.

_____
UNITED STATES DISTRICT JUDGE